# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　-vs-<br><br>2) Defendant No. 1:<br>**ONE 1967 BEECHCRAFT BONANAZA V35 AIRPLANE (D-84100), TAIL NUMBER N3788Q,**<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　No. CIV-25-<u>162-D</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this Complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges for this *in rem* forfeiture action brought against one 1967 Beechcraft Bonanza V35 Airplane (D-84100), Tail Number N3788Q ("**Subject Property**") that the **Subject Property** is subject to forfeiture pursuant to 8 U.S.C. § 1324(b)(1), for violation of 8 U.S.C. § 1324(a)(1)(A)(i).

## THE DEFENDANT *IN REM*

2. The defendant, **Subject Property**, was seized by agents with Homeland Security Investigations ("HSI") during an extended border search on April 25, 2024. The search occurred within the Western District of Oklahoma.

5.  The **Subject Property** is currently in the custody of the U.S. Customs and Border Protection, Office of Fines, Penalties, and Forfeitures ("CBP FP&F") office, within the Western District of Oklahoma, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

6.  On November 7, 2024, Aiman Elkhatib filed a claim of ownership to the **Subject Property** with U.S. Custom and Border Protection to contest the administrative forfeiture of the **Subject Property**.

## JURISDICTION AND VENUE

7.  Plaintiff brings this action *in rem* to forfeit and condemn the **Subject Property**. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

8.  This Court has *in rem* jurisdiction over the **Subject Property** according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

9.  Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue for the **Subject Property** is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

10. The United States alleges that the **Subject Property** is subject to forfeiture to the United States because it was used to bring to the United States an alien, at a place other than as designated by the Secretary of Homeland Security. Specifically, the United States alleges that the **Subject Property** is forfeitable to the United States under 8 U.S.C. § 1324(b)(1), for violation of 8 U.S.C. § 1324(a)(1)(A)(i).

11. Title 8, United States Code, Section 1324(b)(1) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> [a]ny conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

## FACTS

12. On April 25, 2024, HSI agents assigned to the HSI Oklahoma City office were informed by U.S. Customs and Border Protection, Air and Marine Operations Center ("CBP AMOC") that an aircraft bearing tail number N3788Q—**Subject Property**—had unlawfully entered the United States from Mexico and failed to stop for a customs inspection.

13. On the same day, officials with the government of Mexico notified CBP AMOC personnel that they were tracking an aircraft with which they were unable to communicate via radio. The aircraft, identified as a Beechcraft Bonanza bearing tail number N3788Q—**Subject Property**—was still in Mexico and was being monitored by radar. CBP AMOC conducted a search of law enforcement databases and found no

manifest information related to the aircraft's travel, either inbound or outbound, with U.S. Customs and Border Protection. Shortly thereafter, two Texas Department of Public Safety ("TXDPS") aircrafts were launched to track the **Subject Property** after it crossed the United States-Mexico border. The TXDPS aircrafts attempted to establish visual surveillance, while CBP AMOC continued to track the aircraft via radar. The **Subject Property** remained under continuous radar surveillance until it landed at Sundance Airport in Yukon, Oklahoma, within the Western District of Oklahoma.

14.     HSI agents encountered the aircraft at Sundance Airport, where they determined that it was occupied by Aiman Sobhy Elkhatib and A.M.-A.[1] Mr. Elkhatib presented the agents with an Oklahoma driver's license, while A.M.-A. provided a Mexican Consular identification card.

15.     A review of law enforcement databases revealed that A.M.-A. was an alien unlawfully present in the United States. Further checks demonstrated that he had been assigned Alien Registration Number A026 442 700 and had previously been removed from the United States on August 3, 2005. As A.M.-A. had been removed, he knowingly re-entered the United States on April 25, 2024, without authorization, in violation of federal law.

---

[1] When agents encountered him on April 25, 2024, Mr. Elkhatib was found to be in possession of a Glock, model 17, 9mm Luger caliber pistol, bearing serial number NSR959, as well as ammunition. He was at that time under Indictment in Oklahoma County District Court case number CF-2023-940 for crimes punishable for terms of imprisonment exceeding one year, specifically: one count of burglary in the second degree, in violation of 21 O.S. § 1435; one count of possession of a firearm while in the commission of a felony, in violation of 21 O.S. § 1287; and one count of larceny of an automobile, in violation of 21 O.S. § 1720, therefore his willful transportation in interstate or foreign commerce of the firearm constituted a violation of 18 U.S.C. § 922(n).

16. Additionally, CBP AMOC's database records indicated that the **Subject Property** traveled from Mazatlán, Sinaloa, Mexico, to Yukon, Oklahoma, without making any stops. During a post-*Miranda* interview, Mr. Elkhatib confirmed to agents that the trip was completed without any landings.

17. Federal Aviation Administration ("FAA") records for the **Subject Property** show the aircraft's registration status as "cert terminated," with no documentation indicating it had been properly registered since Mr. Elkhatib took possession of the aircraft in February 2024. The FAA sent compliance paperwork to Mr. Elkhatib on April 25, 2024, stating that a certificate of registration could be issued in his name upon submitting a completed Aircraft Registration Application. The required form included a box checked indicating the need to submit the signed application with the name of the signer typed or printed in the signature block. The FAA never received a completed application from Mr. Elkhatib.

18. During the initial encounter with Mr. Elkhatib, HSI agents seized his cell phone. They sought and obtained a search warrant for the phone, and a subsequent review of the contents revealed a text message conversation between April 22, 2024, and April 24, 2024, between Mr. Elkhatib and A.M.-A., indicating that A.M.-A. was in Mazatlán, Sinaloa, Mexico, awaiting pickup by Mr. Elkhatib.

19. On June 17, 2024, a grand jury in the Western District of Oklahoma returned a two-count indictment charging Mr. Elkhatib with transportation of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n), and with alien smuggling—not at a

port of entry, in violation of 8 U.S.C. § 1324(a)(1)(A)(i). *See United States v. Elkhatib*, CR-24-245-D, Doc. 21 (W.D. Okla. June 17, 2024).

20. On September 4, 2024, HSI agents interviewed Mr. Elkhatib's most recent flight instructor, who advised that Mr. Elkhatib had been flying with him to complete the pre-requisites to obtain a private pilot's license. The instructor noted that Mr. Elkhatib had approximately 15-20 hours of flight training remaining but had not completed the necessary hours for certification. Therefore, the most recent license Mr. Elkhatib held was a student pilot license, which comes with significant restrictions, including prohibitions on flying with passengers and crossing international borders.

21. On September 17, 2024, a grand jury in the Western District of Oklahoma returned a two-count superseding indictment charging Mr. Elkhatib with transportation of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n), and with bringing in certain aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(i). *Id*. at Doc. 29 (W.D. Okla. Sep. 17, 2024).

22. On November 7, 2024, through counsel, Mr. Elkhatib submitted claim to CBP FP&F challenging the administrative forfeiture of the **Subject Property**, electing the judicial action option.[2]

---

[2] Elkhatib also challenged in the same claim the administrative forfeiture of the firearm and ammunition seized from him on April 25, 2024, but has since notified counsel for the Government through his attorney that he intends to withdraw his petition as to the firearm and ammunition. He also agreed to abandon both the firearm and the ammunition to the United States pursuant to his plea agreement. *Id.* at Doc. 47 (W.D. Okla. Jan. 9, 2025).

23. On January 9, 2025, Mr. Elkhatib appeared before the Honorable Chief Judge Timothy D. DeGiusti and entered a plea of guilty to Count 1 of the superseding indictment, charging him with transportation of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n). *Id.* at Docs. 46-50 (W.D. Okla. Jan. 9, 2025). Mr. Elkhatib did not plead to the Section 1324 violation as part of his plea agreement with the Government and did not stipulate to the forfeiture of the **Subject Property**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in **Subject Property**; that **Subject Property** be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ Danielle M. Connolly
DANIELLE M. CONNOLLY
Assistant United States Attorney
Oklahoma Bar Number: 33148
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Office: (405) 553-8700
danielle.connolly@usdoj.gov