**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 1967 BEECHCRAFT<br>BONANZA V35 AIRPLANE<br>D-84100 TAIL NUMBER N3788Q,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-162-D |

**ORDER**

Before the Court is the government's Motion in Limine. [Doc. No. 44]. Claimant Aiman Elkhatib did not file a response, and the time to do so has expired. Accordingly, the Motion [Doc. No. 44] is at issue.

**BACKGROUND**

This is a civil forfeiture action regarding a 1967 Beechcraft Bonanza V35 Airplane (D-84100), Tail Number N3788Q ("Aircraft") registered to Claimant Aiman Elkhatib. The government alleges that the Aircraft is subject to forfeiture because Claimant used the Aircraft to transport Armando Morales-Alvardo, who Claimant knew was not a citizen of the United States of America, into the United States at a location other than a designated port of entry, in violation of 8 U.S.C. § 1324(a)(1)(A)(i).

**LEGAL STANDARD**

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts'

inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence is plainly 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* at 1218-19 (citations omitted).

Some in-limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

## DISCUSSION

The government seeks to preclude Claimant from presenting any evidence or argument regarding the fairness of him having to forfeit the Aircraft. Specifically, the government argues that "any evidence or argument related to fairness, particularly, in relation to Claimant's motive for using the [Aircraft] to transport Mr. Morales[-Alvardo], should be prevented from being presented at trial." [Doc. No. 44, at p. 3]. The government argues that Claimant should be prohibited from presenting evidence and argument regarding the fairness of the forfeiture because the issue of fairness is irrelevant and would be unduly prejudicial.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury . . .." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial if it would likely provoke the jury's emotional response or would otherwise tend to adversely affect the jury's attitude toward a particular matter ... [but] [e]vidence is not unfairly prejudicial merely because it damages a party's case." *Leon v. FedEx Ground Package System, Inc.*, 313 F.R.D. 615, 622 (D.N.M. 2016) (citation omitted). "To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (emphasis in original) (quotation and citation omitted). However, Rule 403 favors admissibility, and the Court should "give the

evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2002) (quotation and citation omitted).

Pursuant to 8 U.S.C. § 1324(b)(1), the government bears the burden of proving by a preponderance of the evidence that the Aircraft is subject to forfeiture because it was used in the commission of a violation of 8 U.S.C. § 1324(a)(1)(A)(i). *See* 8 U.S.C. § 1324(b)(1). Section 1324(a)(1)(A)(i) provides that an individual has acted unlawfully when he:

> knowing that a person is an alien, brings or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien.

8 U.S.C. § 1324(a)(1)(A)(i).

The Court finds that evidence and argument regarding the fairness of Claimant having to forfeit the Aircraft would be irrelevant. This is so because such evidence and argument have no bearing on whether Claimant knew Mr. Morales-Alvardo was an alien or whether he brought Mr. Morales-Alvardo into the United States at a location not permitted by § 1324(a)(1)(A)(i). Moreover, the probative value, if any, of such material would be substantially outweighed by its prejudicial effect, having "an undue tendency to suggest decision on an improper basis," specifically an emotional one. *Caraway*, 534 F.3d at 1301.

Accordingly, the government's request that Claimant be prohibited from presenting evidence and argument regarding the fairness of forfeiting the Aircraft is **GRANTED.**[1]

## CONCLUSION

**IT IS THEREFORE ORDERED** that the government's Motion in Limine [Doc. No. 44] is **GRANTED**, as stated herein.

**IT IS SO ORDERED** this 10th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] If the government establishes that the Aircraft is subject to forfeiture, the fairness of forfeiture will be adjudicated in a subsequent hearing before the Court without the jury. 18 U.S.C. § 983(g).